# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KIMBERLY SNYDER, | : | Case No. 3:11-cv-025 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THE CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. §§ 405(g),1383(c)(3). On January 9, 2012, the Court issued a Report and Recommendation ("R&R") that: (1) the ALJ's non-disability finding be found unsupported by substantial evidence, and reversed; and (2) the case be remanded for an immediate award of Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") with an onset date of December 31, 2001. (Doc. 13). Defendant subsequently filed its Objection to the R&R ("Objections"). (Doc. 14). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or report and recommendations when objections are filed.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

In the Objections, Defendant did not object to the Court's recommendation that the Commissioner's decision be reversed. (Doc. 14 at PAGEID 131). Instead, Defendant objected solely to the recommendation that Plaintiff is entitled to an immediate award of benefits. (*See id.*)

The Court's recommendation that the ALJ's decision be reversed remains the same. The Court finds that the ALJ erred on several grounds in evaluating the opinions of Plaintiff's treating physicians.

The ALJ violated the treating physician rule by failing to give controlling weight to Dr. West's finding of disability -- an opinion that was supported by "medically acceptable clinical and laboratory diagnostic techniques" and was "consistent with other substantial evidence in the case record." (Doc. 13 at PAGEID 124-25). *See also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)) ("The ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'").

In addition, the ALJ failed to properly weigh the factors required under 20 C.F.R. § 404.1527(d)(2)[2] before disregarding the disability findings of Dr. West, Dr. Bennett and Dr. Rogers. (Doc. 13 at PAGEID 125-27). *See Cole v. Astrue*, 652 F.3d 653, 660 (finding that the ALJ committed reversible error because the ALJ did not balance the factors under 20 C.F.R.

---

[2]If the ALJ decides that the treating physician's opinion is unentitled to controlling weight, the ALJ must apply the factors listed in 20 C.F.R. § 404.1527(d)(2) (length of treatment relationship and the frequency of the examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion with the record as a whole; and the specialization of the treating source) in determining what weight to give the opinion. *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009).

2

§ 404.1527(d)(2) in dismissing a treating physician's opinion). Further, the ALJ failed to recognize that, even if a treating physician is unentitled to controlling weight, there remains a presumption that a treating physician's opinion is entitled to "great deference." *See Hensley*, 573 F.3d at 266; *see also* SSR 96-2p, 1996 SSR LEXIS 9, at *9-10 ("In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.").

Moreover, the ALJ violated the "good reasons" rule by not giving "sufficiently specific" reasons for not deferring to Plaintiff's treating physicians' disability findings. *See* doc. 13 at PAGEID 123-24; *see also Blakley,* 581 F.3d at 406-07 (citing 20 C.F.R. § 404.1527(d)(2)). "Because the reason-giving requirement exists to 'ensure that each denied claimant received fair process,' [the Sixth Circuit] has held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial evidence,* even where the conclusion of the ALJ may be justified based upon the record.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)) (brackets added).

Therefore, based on the Court's analysis in the R&R and the Commissioner's concession that the ALJ's decision should be reversed, the Court recommends that the ALJ's non-disability finding be found unsupported by substantial evidence, and reversed.

However, having considered Defendant's Objections (*see* doc. 14), the Court no longer recommends that the case be remanded for an immediate award of benefits. The Court agrees that the record does not show that "proof of disability is overwhelming or proof of disability is strong

3

and evidence to the contrary is lacking," as required for a judicial award of benefits in the Sixth Circuit. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994).

On a final note, the Court reminds Defendant's counsel that, in such a case, it would have been more appropriate to seek a voluntary remand upon reviewing the record and recognizing that the ALJ committed reversible error. Section 405(g) of the Social Security Act allows the Commissioner to move for a voluntary remand before filing its answer. *See Faucher*, 17 F.3d at 173-74. In addition, counsel for the Commissioner may file a motion for remand instead of a memorandum in opposition to the plaintiff's statement of errors. *See id.*

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found **UNSUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED;**

2. This matter be **REMANDED** to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

This recommendation supplants and replaces the recommendation set forth in the Court's R&R dated January 4, 2012. The Court no longer recommends that Plaintiff be awarded benefits and **RESCINDS** that recommendation.

January 24, 2012  s/ **Michael J. Newman**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).